UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kelton Vondre Yates,<br>*Petitioner,*<br><br>v.<br><br>Bobby Lumpkin,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>*Respondent.* | Civil Action 4:22-CV-2523 |

## Memorandum and Recommendation

Kelton Vondre Yates, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2003 state court conviction for murder. ECF No. 1. The respondent, Bobby Lumpkin, has moved for summary judgment on the ground that the petition is barred by the governing one-year statute of limitations. ECF No. 12. Yates has replied. ECF No. 15. The court recommends that the respondent's motion for summary judgment be granted and Yates's petition be dismissed with prejudice as time-barred.

I. *Procedural Background*

Yates is in custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ) as the result of a state court conviction in the 263rd District Court of Harris County, Texas (Cause No. 925472). ECF No. 13-5, at 74–75. Yates was charged by indictment with the felony offense of murder.[1] *Id.* at 7. Following a trial, a jury found Yates guilty as charged and,

---

[1] At the time of the offense, Yates was a 16-year-old juvenile. ECF No. 13-5, at 8–10. The juvenile court signed an order to waive jurisdiction and certified Yates to be tried as an adult. *Id.*

on October 29, 2003, sentenced him to a sixty-year prison term and assessed a $10,000 fine. *Id.* at 74–75.

In November 2004, the Fourteenth Court of Appeals of Texas affirmed Yates's conviction. *Yates v. State*, No. 14-03-01231-CR, 2004 WL 2514296 (Tex. App.—Houston [14th Dist.] Nov. 9, 2004, pet. ref'd). On April 6, 2005, the Texas Court of Criminal Appeals refused Yates's petition for discretionary review. *See Yates v. State*, No. PD-0056-05 (Tex. Crim. App. 2005). Yates did not seek further direct review.

On April 17, 2006, Yates filed his first state application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, collaterally challenging his conviction. *Ex parte Yates*, Application No. WR-73,131-02. On April 2, 2014, the Court of Criminal Appeals denied the application, without a written order or hearing, on the findings of the trial court. *Id.*

In October 2020, Yates filed a second state writ application with the assistance of counsel. *Ex parte Yates*, Application No. WR-73,131-03. Following a state writ hearing, the Court of Criminal Appeals dismissed the application as subsequent under Article 11.07, section 4(a)–(c), of the Texas Code of Criminal Procedure. *Id.*

Yates filed his federal petition for writ of habeas corpus on July 26, 2022. ECF No. 1 at 10. Yates raises the following grounds for federal habeas relief:

- his conviction is void because the juvenile court's Order to Waive Jurisdiction failed to state factually supported case-specific findings in violation of Texas Family Code, section 54.02(h), and as required by *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014);
- juvenile defendants do not have a constitutional right to trial by jury in juvenile courts, and no jury would be able to convict him but for the invalid waiver of jurisdiction;

2

- he was denied his due process right to obtain and attend a certification hearing; and
- the state court's decision is contrary to the United States Supreme Court decision in *Kent v. United States*, 383 U.S. 541 (1966), in which the court, under a set of materially indistinguishable facts, reversed due to an invalid waiver of jurisdiction.

*Id.* at 6–7; ECF No. 2. The respondent moves for summary judgment, arguing that Yates's petition is time-barred. ECF No. 12.

*II. Factual Background*

The statement of facts is taken from the Texas Court of Appeals opinion affirming Yates's conviction.

> In the summer of 2002, Lori Cooper, a Westfield High School student, believed that she had been impregnated by appellant, Kelton Yates, with whom she had been "messing around." [Yates] told his mother the news; she, in turn, informed Lori's parents, Gary and Wanda, who arranged a meeting including them, [Yates], his mother, and Lori. At the meeting, Lori's parents made it known that, should Lori indeed be pregnant, they wished to have the pregnancy terminated. This was contrary to the wishes of Lori and [Yates], who exchanged "heated words" with Gary during the course of the meeting.
>
> Two nights later, at approximately two in the morning, the Cooper's doorbell rang. Looking through the front windows, Gary and Wanda saw [Yates] standing at their door, and went to their separate bedrooms to change clothes. When Wanda returned to the front of the house, she found Gary, bleeding, on the front porch. She asked him who had attacked him; he responded, "Kelton." Gary Cooper later died from multiple stab wounds. A smudge of Cooper's blood was found on the passenger side of the car of [Yates's] friend Kiondrix Smith.

3

> [Yates] was arrested and charged with the murder of Gary Cooper, both as a principle and as a party. A jury of eleven convicted [Yates].

*Yates*, 2004 WL 2514296, at *1.

### III. The Summary Judgment Standard

Summary judgment is proper when the record shows no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Anderson*, 477 U.S. at 254. The court applies general summary judgment standards to the extent they do not conflict with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Yates is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988). The court broadly interprets Yates's *pro se* state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

4

*IV. Discussion*

    *A.    Statute of Limitations under 28 U.S.C. § 2244*

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> 
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Yates challenges a state court conviction, the limitations period for his claims began to run on "the date on which the judgment became final by the conclusion of direct review or the

5

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Yates's conviction became final on July 5, 2005, when his time to file a petition for writ of certiorari expired. *See* U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari is timely when filed within 90 days after entry of order denying discretionary review in state court of last resort). That date triggered the limitations period, which expired one year later on July 5, 2006. Yates did not file this federal petition until July 26, 2022. Therefore, review of these claims is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. Yates's first state habeas application, filed on April 17, 2006, and denied on April 2, 2014, tolled the limitations period for 2,908 days. Thus, Yates's federal petition was due on or before June 23, 2014.

Yates filed his second state habeas application on October 29, 2020. Because the limitations period had already expired by that time, Yates's second state habeas application did not further toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

No other AEDPA provision applies to extend the limitations period. Yates does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action, and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

Nor do any of Yates's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Yates

6

argues that the factual predicate of his claims could not have been discovered until March 31, 2021, when the Texas Court of Criminal Appeals issued its decision in *Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021). ECF No. 1 at 9. Yates is incorrect. In *Thomas*, the Court of Criminal Appeals explicitly overruled *Moon*, concluding that neither the text of the juvenile transfer statute nor the Supreme Court's decision in *Kent* require detailed fact findings to establish jurisdiction. *Thomas*, 623 S.W.3d at 373. Thus, because Yates relies on *Moon* to argue that the juvenile court's transfer order was invalid, the *Thomas* decision did not give rise to Yates's claim based on *Moon*.

Even using the latest and most generous factual predicate date of December 10, 2014, when the Court of Criminal Appeals delivered its opinion in *Moon*, Yates's petition remains time-barred. Using this factual predicate date, the limitations period expired one year later, on December 10, 2015. Yates did not file his second state writ application until October 29, 2020, well after the limitations period expired. Thus, Yates's federal petition, filed on July 26, 2022, would still be untimely by over six years.

Yates also argues a factual predicate date based on evidence developed during his state writ hearing in March 2021, which he alleges supports his claim that the juvenile court never held a certification hearing. Yates's argument is not persuasive. Merely alleging new evidence to support facts that were known at an earlier date does not suffice to establish a new factual predicate. Statutory tolling does not apply to promote an endless gathering of evidence by habeas petitioners. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (petitioner confuses his knowledge of the factual predicate for his claims with the time permitted for gathering evidence in support of those claims); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the

7

important facts, not when the prisoner recognizes their legal significance"). The proceedings leading to Yates's transfer to district court have been part of the record since the transfer occurred. Contrary to Yates's assertions, the factual predicate of his claims either became known or could have become known prior to the date that his conviction became final.

### B. *Equitable Tolling*

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogration on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights"). Moreover, ignorance of the law and lack of legal assistance, even for an incarcerated individual, generally do not excuse prompt filing. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000)

8

(ignorance of law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling).

In his response, Yates argues he is entitled to equitable tolling because he was "misled to believe a proper transfer of jurisdiction had occurred when in fact, testimony and evidence from the state writ hearing show no proper transfer was ever conducted in compliance with due process under the 14th Amendment." ECF No. 15 at 4. Contrary to Yates's assertions, nothing in the record suggests that the State misled Yates or prevented him from filing within the deadline. Although there was testimony provided during the state writ hearing that both the prosecutor and defense counsel could not recall whether a certification hearing occurred, due to the passage of time, official court documents reflect that a certification hearing was held on September 24, 2002. *See* ECF No. 13-5 at 8–10.

Yates also fails to demonstrate that he diligently pursued relief. Yates let more than nine months pass after his conviction became final before he first sought to file a state habeas application. He then waited more than six years after the Court of Criminal Appeals denied his first state habeas application before filing his second state habeas application. Following the denial of his second application, Yates waited an additional four months to file his federal petition. Under these circumstances, Yates fails to demonstrate that he is entitled to equitable tolling.

V.   *Conclusion and Recommendation*

The court recommends that the respondent's motion for summary judgment be granted and that Yates's federal habeas corpus petition be dismissed with prejudice. The court further recommends that a certificate of appealability not issue.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the

Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 17, 2023.

Peter Bray
United States Magistrate Judge